UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE ESTATE OF RAYLYN GEORGE, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:08-CV-01023 (VLB) |
| v. | : | |
| | : | |
| LUIS BATISTA and the CITY OF BRIDGEPORT, | : | |
| | : | |
|     Defendants. | : | December 21, 2012 |

## FIRST RULING ON MOTIONS IN LIMINE AND OBJECTIONS IN JOINT TRIAL MEMORANDUM [90]

(1) As set forth in the [107] Trial Scheduling Order, the Court has reserved four days for trial, INCLUSIVE of both the liability and damages portions of the trial.

(2) Plaintiff is **ORDERED TO IDENTIFY** by January 3, 2013 the hearsay exception for the admissibility of Plaintiff's proposed Exhibit 14, CSAO: Report on the Death of Raylyn George, and for the admissibility of any other proposed Exhibits containing hearsay.

(3) Plaintiff is **ORDERED TO RESPOND** by January 3, 2013 to Defendant's Objection – articulated in the [90] Joint Trial Memorandum – to Plaintiff's #21 proposed witness, Melanie Howlette, Deputy Assistant City Attorney. Ms. Howlette's testimony may be probative of the City's consciousness of guilt as to the incident with Mr. George.

(4) Defendants' objection to the (partial) proposed testimony of Plaintiff's #23 proposed witness, Bridgeport Mayor Finch, is **SUSTAINED** for the reasons articulated therein. "Weather [sic] the Board of Police Commissioners has adopted the policies of International Association of Chiefs of Police, the changes in training in police officer violations of civil rights" is irrelevant.

(5) Defendants' objection to the (partial) proposed testimony of Plaintiff's #24 proposed witness, Bridgeport Police Chief Gaudette, is **SUSTAINED** for the reasons articulated therein. "Weather [sic] the Board of Police Commissioners has adopted the policies of International Association of Chiefs of Police, the changes in training in police officer violations of civil rights" is irrelevant.

(6) Defendants' objection to the proposed testimony of Plaintiff's #31 proposed witnesses, Aaron Romano or former Bridgeport Police Chief

**Bryan T. Norwood, is <u>OVERRULED</u> on the basis of untimeliness and <u>DENIED WITHOUT PREJUDICE</u> on the issue of relevance.**

(7) **Defendants' objections to Plaintiff's proposed exhibits 21 (Resume of Raylyn George), 22 (Mission Statement by Raylyn George), and 23 (FAFSA Application) are <u>OVERRULED</u> as these exhibits are admissible, <u>subject to authentication</u>, to show Mr. George's activities and aspirations.**

(8) **The Plaintiff's [92] Motion for Reconsideration is <u>DENIED</u> and Plaintiff's proposed Exhibit 6-K is <u>EXCLUDED</u>.  This photo is not probative of any fact in dispute.  As the medical examiner stated during deposition, one cannot discern either what the marks in the photograph are or how Mr. George acquired them.  Thus, the jury would necessarily speculate if it were to draw from this photo the conclusion which Plaintiff offers the photo to establish.**

(9) **The Court will address the remaining objections and Plaintiff's [93] Motion to Redact at a later date.**

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

**Dated at Hartford, Connecticut: December 21, 2012**